ARTHUR BRENNER *et al*. v. THE KANSAS MUTUAL LIFE ASSOCIATION.

No. 233.

1. LIFE INSURANCE, MUTUAL—*under* ¶¶ *3450–3480, Gen. Stat. 1889, association has no authority to insure person above sixty years old*. A mutual life association organized under the provisions of article 3, chapter 50a, General Statutes of 1889 (¶¶ 3450–3480), has no authority to insure the life of a person who is above sixty years of age.

2. ——— *and such policy ultra vires and void*. A policy issued by such an association upon the life of a person more than sixty years old is *ultra vires* and void.

Error from Doniphan District Court. Hon. J. F. Thompson, Judge. Opinion filed December 18, 1897. *Affirmed.*

*Jackson & Jackson*, for plaintiffs in error.

*R. T. Herrick*, for defendant in error.

WELLS, J. This action was brought by the plaintiffs in error against the defendant in error to recover upon a policy of insurance issued by the defendant in error upon the life of Adam Brenner. The pleadings admit the incorporation of the defendant as a mutual life association under the laws of the State of Kansas, and that the assured, at the time of making application for the insurance, was of the age of sixty-five years.

The only question in the case is, Had the defendant authority to issue a policy of insurance upon the life of a person more than sixty years old? That, if the issuance of such a policy is prohibited by law, no action can be maintained to enforce it, is a proposition too well settled to admit of argument or need any citation of authorities to sustain it; and the single question is, Does section 131, article 3, chapter 50*a*, General Statutes of 1889 (¶ 3458), prohibit companies organized or doing business thereunder from making such insurance? So far as this question is concerned this section can be read as follows : "It shall be unlawful . . . to make insurance on the life of any person until such person has first been subjected to a thorough medical examination by a regular practicing physician, and found to be in sound health, except when insurance is granted against accident or disablement only, or on the life of any person above

sixty years of age.'' It is claimed by the plaintiff in error that the clause, '' or on the life of any person above sixty years of age,'' is an additional exception from the requirements of a medical examination ; while the defendant in error claims, and the trial court held, that this clause is one of the prohibitions upon the writing of insurance.

Where a statute is so worded as to admit of more than one interpretation, that construction should be put upon it which will make it accord with public policy. Black on Interpretation of Laws, 107. We are unable to see the soundness of the policy that would require a strict medical examination of an applicant up to sixty years of age, and after that age dispense with the examination entirely. On the contrary, it seems to us that the greater the age, after middle life, the more strict should be the examination. It is difficult to see any reason that would prompt a legislature to dispense with the examination after sixty, while it is easy to see many good reasons why the success and perpetuity of the society would be enhanced by excluding old people from its membership. If the contention of the plaintiffs in error is true — that the company understood the law to be as claimed by them, up to the time this policy was issued — we would expect that, as ordinarily prudent business men, they would have made a marked increase in the rates to be charged, just at the point where a strict examination ceased to be required and indiscriminate admission to membership was allowed ; but we find no such evidence in the tables on said policy.

We think that the plaintiffs in error, in their argument drawn from the fact that the companies named on pages seven and eight of their brief are doing busi-

ness in this State and do insure people over sixty years old, have failed to notice that this law only applies to associations organized under its provisions or like associations organized elsewhere. So.far as our knowledge goes, not one of the companies named is doing business in Kansas under the provisions of this Act, and, furthermore, each of them does require a strict medical examination as a condition of insurance ; and this latter fact, if we should adopt that argument, would tend against the construction asked for by the plaintiffs in error.

The judgment of the court below will be affirmed.